UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YU WANG, and JEN CHIANG LAI, individually,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SARAH KENDALL**,** as Chief of the Immigrant Investor Program Office, U.S. Citizenship and Immigration Services, in his official capacity;  KEVIN CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, in his official capacity; DAVID P. PEKOSKE, Deputy Secretary, U.S. Department of Homeland Security, in his official capacity; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF

Plaintiffs, YU WANG and JEN CHIANG LAI, ("**Plaintiffs**"), through undersigned counsel, for their complaint against Defendants, NICHOLAS COLUCCI, Chief of the Immigrant Investor Program Office; KEVIN  CUCCINELLI, Acting Director  of U.S. Citizenship and Immigration Services; KEVIN K. MCALEENAN, Secretary of U.S. Department of Homeland Security; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY (collectively the "**Defendants**"), state as follows:

36166559.2

## PRELIMINARY STATEMENT

Plaintiffs, each a foreign investor of $500,000.00 in a new commercial enterprise pursuant to the EB-5 Program known as the NYC Fund, LP, bring this action to remedy the unlawful, unreasonable, arbitrary and capricious delay by the U.S. Citizenship and Immigration Services, an agency within the United States Department of Homeland Security ("**USCIS**" or the "**Agency**") in adjudicating the Form I-526, "Immigrant Petition by Alien Entrepreneur" ("**Form I-526 Petition**"), filed individually by each of the Plaintiffs over four years ago. Copies of the Plaintiffs' Form I-526 USCIS Receipt Notices are attached as ***Composite Exhibit "A".***

The Plaintiffs' Form I-526 Petitions meet all the requirements for adjudication. The Agency's continuing and inexcusable delay in acting on the Plaintiffs' Form I-526 Petitions is contrary to the Administrative Procedure Act ("**APA**"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("**Mandamus Act**"), 28 U.S.C. § 1331 and 1361.

The continued delay in adjudicating the Form I-526 Petitions is causing significant harm to the economic, social and mental welfare of the Plaintiffs and their families. Accordingly, Plaintiffs, by and through undersigned counsel, respectfully request this Court to issue an order directing Defendants to adjudicate the pending Form I-526 Petition within fifteen (15) days, or within a time frame this Court deems appropriate under the circumstances, pursuant to the APA and the Mandamus Act.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, YU WANG **("Ms. Wang")** is a citizen of China.

2. Plaintiff, JEN CHIANG LAI **("Mr. Lai")** is a citizen of China.

3. Defendant NICHOLAS COLUCCI is the Chief of the Immigrant Investor Program Office ("**IPO**"), U.S. Citizenship and Immigration Services, and is sued in his official capacity.

4. Defendant, KEVIN CUCCINELLI, is the Acting Director of U.S. Citizenship and Immigration Services, and is sued in his official capacity. USCIS is located in Washington, D.C. As Director of USCIS, the Defendant oversees all of the agency's operating divisions, including the IPO. *See* 8 U.S.C. § 1103; 6 U.S.C. § 271(b).

5. Defendant, DAVID P. PEKOSKE, is the Acting Deputy Secretary of U.S. Department of Homeland Security, and is sued in his official capacity. The Department of Homeland Security is located in Washington, D.C, and has oversight of USCIS. *See* 8 U.S.C. § 1103.

6. Defendant, United States Citizenship and Immigration Service is a part of Defendant, Department of Homeland Security which is a cabinet level department of the United States.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the Plaintiffs' claims arise under the laws of the United States, specifically the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. ("**INA**") and its implementing regulations.

8. Further, this Court has subject-matter jurisdiction over this action and may grant relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 555(b) and § 701 et seq., the Mandamus Act, 28 U.S.C. § 1361.

9. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(e) because this is an action against officers and agencies of the United States in their official

capacities, brought in the district where a substantial part of the events giving rise to the Plaintiffs' claims occurred.

## LEGAL AND FACTUAL BACKGROUND

**I.  The EB-5 Program**

10. Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors like the Plaintiffs. Under the program, a foreign citizen may obtain permanent resident status upon the investment of at least $500,000 and the creation of at least ten full-time jobs as part of a new business venture. *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(f)(2).

11. As part of the EB-5 Program, Congress also created (and has regularly renewed) the Immigrant Investor Pilot Program, now called the Immigrant Investor Program. This subset of the EB-5 program permits a putative EB-5 investor to invest the requisite capital through a USCIS-approved "regional center." A regional center is an entity for promoting economic growth and job creation in a particular geographic region of the United States, and each center may contain one or more new commercial enterprises under its umbrella. 8 C.F.R. §204.6(e)(m)(3).

12. To apply for an EB-5 visa, a foreign entrepreneur must submit a Form I-526 Petition and supporting documentation demonstrating that the required capital has been committed and is actually at risk; that the investment is made from the entrepreneur's own lawfully acquired funds; and the existence of a comprehensive business plan demonstrating that ten full-time jobs will be created by the investment. 8 C.F.R. § 204.6(j). For an investment through an approved regional center, the petition must be accompanied by evidence that the

4

requisite investment will create ten full-time positions either directly or indirectly for no fewer than 10 individuals. *Id.* § 204.6(j)(4)(iii).

## II. The Plaintiffs Filed Form I-526 Petitions under the EB-5 Program

13. Mr. Lai submitted his Form I-526 Petition on June 30, 2015 and Ms. Wang on September 18, 2015. The Form I-526 Petitions were filed along with comprehensive supporting evidence demonstrating that the required capital was committed and was actually at risk; and further establishing the lawful source of the invested funds; and that, through the regional center, there existed a comprehensive business plan showing that at least ten full-time jobs would be created by each investor's investment.

14. USCIS acknowledged receipt of the I-526 petitions issuing receipt numbers WAC1590442326 to Mr. Lai and WAC1590600618 to Ms. Wang. ***See Composite Exhibit "A".***

15. In conjunction with the Form I-526 Petition, the Plaintiffs each invested $500,000 in NYC Fund, LP, a New York Limited Partnership ("**NYC Fund**") formed in August of 2013. NYC Fund was formed to provide funds for the construction of two hotels located in Long Island City, New York (the "**Projec**t"). The Project involves the construction and operation of two hotels, a 70-room Even Hotel and 180-room Indigo Hotel. The Developer of the Project is Royal One Real Estate II, LLC (who replaced the initial developer, Royal One Real Estate LLC, in 2016) and the Project development has proceeded. The Project is being sponsored for participation in the EB-5 program by NYC Metro Regional Center, LLC (the "**Regional Center**").

16. The Project is located in a Targeted Employment Area ("**TEA**"), which pursuant to 8 C.F.R. §204.6(f)(2) allows the qualifying investment to be adjusted to $500,000.00.

17. Well-known economic consultants, Baker Tilly Capital, analyzed the economic and employment benefits of the Project utilizing the RIMS II model, an economic model accepted by USCIS, which demonstrates in verifiable detail that the Project will lead to the creation of 1,007.9 total new jobs from construction operations of both hotels. This figure satisfies the EB-5 Program's job creation requirement on a per-investor basis.

18. Pursuant to the INA, Congress intends for all immigration applications and petitions to be processed within 6 months. "[I]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition." 8 U.S.C. §1571(b).

19. According to the Notice of Proposed Rule Making (NPRM) published by USCIS in conjunction with its fee increase, USCIS data shows that it only takes 6.5 person hours to completely process an I-526 petition.

### III. USCIS Has Unreasonably Delayed Acting on Plaintiffs' Form I-526 Petition

20. Despite the Plaintiffs having submitted completed comprehensive Form I-526 Petitions on 09/18/2015 (Ms. Wang) and 06/30/2015 (Mr. Lai), *both over four years ago*, USCIS has unreasonably delayed in adjudicating the Petitions.

21. On July 23, 2018, immigration counsel for Mr. Lai inquired with the IPO as to the status of his pending I-526 Petition. Immigration Counsel received the following response from the IPO on July 26, 2018:

> "*USCIS is committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national security. WAC1590442326 is currently pending an extended review. Although reviews for most applications or petitions are completed very quickly, a*

6

*small percentage of cases have unresolved background check issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, the agency cannot move forward until all outstanding issues have been resolved to our satisfaction. Unfortunately, this process can sometimes take extended periods of time. The petitioner and/or the attorney of record will be notified when anything changes. Thank you for your inquiry."*

A copy of the IPO inquiry and response are attached as **Composite Exhibit "B"**.

22. On November 13, 2018, immigration counsel for Ms. Wang inquired with the IPO as to the status of her pending I-526 Petition. Immigration Counsel received a response from the IPO on November 13, 2018:

*"USCIS is committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national security. WAC1590600618 is currently pending an extended review. Although reviews for most applications or petitions are completed very quickly, a small percentage of cases have unresolved background check issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, the agency cannot move forward until all outstanding issues have been resolved to our satisfaction. Unfortunately, this process can sometimes take extended periods of time. The petitioner and/or the attorney of record will be notified when anything changes. Thank you for your inquiry."*

A copy of the IPO inquiry and response are attached as **Composite Exhibit "C"**.

23. As an alternative, on October 18, 2019 Immigration counsel for Ms. Wang and Mr. Lai also inquired with the Office of the Citizenship and Immigration Services Ombudsman ("**Ombudsman**") as to the status of the pending I-526 Petitions. To date, there has been no response from Ombudsman to either inquiry; copies of the two Ombudsman inquiries are attached as **Composite Exhibit "D"**.

24. Despite requests for a specific and reasonable timeline for adjudication of the I-526 Petitions, USCIS has refused and failed to provide any additional information or process the I-526 Petition.

7

25. Further, USCIS has: (1) not requested further information or evidence for the I-526 Petitions; (2) never explained the reason for the lengthy and continuing delay as to the I-526 Petitions; (3) not provided any indication of when the review might be completed, despite the requests.

26. The Form I-526 Petitions have each been outstanding for over four (4) years, a period that was outside the USCIS published processing time of 22 Months to 28.5 Months that was published in May of 2019. A copy of the USCIS website page containing the processing times for the Immigrant Investor Program Office as of May 23, 2019 is attached as ***Exhibit "E"***.

27. On May 28, 2019, without any explanation or prior warning, USCIS arbitrarily increased its published processing time for I-526 petitions from "22 Months to 28.5 Months" to "29 Months to 45.5 Months." A copy of the USCIS website page printed June 17, 2019 containing the revised processing times for the Immigrant Investor Program Office is attached as ***Exhibit "F"***.

28. As of October 21, 2019, the USCIS published processing time for I-526 petitions is "28.5 Months to 49.5 Months." ***See Exhibit "G"***.

29. Despite requests, USCIS has not explained the reason for its unreasonable delay or refusal to adjudicate the Form I-526 Petition beyond the Agency's published processing time pre May 28th.

30. USCIS appears to have obviated its statutory obligation to timely process I-526 petitions by manipulating the published processing times on a unilateral basis.

**IV. The Plaintiffs Will Suffer Significant Harm if Relief is Not Granted**

31. As a result of the Agency's unreasonable, protracted and unconscionable delay in the adjudication of the Form I-526 Petitions, the Plaintiffs have suffered and will continue to

8

suffer harm. The Defendants' delay has deprived the Plaintiffs of the myriad privileges that accompany conditional permanent resident status in the U.S., including the ability to become a permanent resident, travel freely and live and work in the United States. *See* 8 U.S.C. § 1186(b).

32. The Defendants' delay in the EB-5 visa process has caused the Plaintiffs to forego employment opportunities and prevented them from building careers in the United States. While the EB-5 visa petitions remain in limbo, they have suffered anxiety stemming from the unreasonable delay in the process and the uncertainty surrounding their futures. See 8 U.S.C. § 1186b.

33. If Defendants continue this unreasonable delay by failing to adjudicate the I-526 Petitions, the Plaintiffs will continue to suffer significant hardship.

34. The Plaintiffs have no other adequate remedy available to them other than filing the instant action.

35. Plaintiffs have retained the undersigned as counsel in this matter and agreed to pay a reasonable fee for their services.

36. All conditions precedent to bringing this action, if any, have occurred or have been performed, waived or excused.

## COUNT I
## ADMINISTRATIVE PROCEDURE ACT
## (5 U.S.C. § 555 and 5 U.S.C. § 701 et seq.)
### (Against All Defendants)

37. Plaintiffs reallege all the allegations contained in paragraphs 1 through 36 above as though fully set forth herein.

38. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

36166559.2

39. Defendants have a mandatory duty to adjudicate Plaintiffs' Form I-526 Petitions within a "reasonable time."

40. Defendants have violated the Administrative Procedures Act by failing to timely adjudicate the Form I-526 Petitions and this constitutes agency action that is arbitrary and capricious and not in accordance with law.

41. Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time." *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties… and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it.") (emphasis added).

42. The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. 5 U.S.C. § 702.

43. When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action[1] unlawfully withheld or unreasonably delayed." *See* 5 U.S.C. § 706(1). The court must also "hold unlawful and set aside agency action" that is: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law." *Id.* § 706(2)(A), (C), (D).

44. Defendants had a clear, mandatory duty to adjudicate I-526 Petitions like the Plaintiffs and issue visas when the requirements have been satisfied. *See* 8 U.S.C. § 1153(b)(5)(A); 8 U.S.C. § 1154(b); 8 C.F.R. § 204.6(k).

---

[1] "agency action" includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13) (emphasis added).

36166559.2

45. The Plaintiffs have complied with all the requirements for adjudication of the Form I-526 Petitions dated between June 30, 2015 and November 13, 2015. *See* 8 C.F.R. § 204.6.

46. Since that time, Defendants have unreasonably withheld, and unlawfully and unreasonably delayed, acting on the Plaintiffs Form I-526 Petitions in violation of the INA and APA.

47. Defendants have failed to discharge their mandated official duties by abusing their discretion and acting in an arbitrary and capricious manner in failing to adjudicate the Form I-526 Petitions contrary to Congress's explicit mandate to the agency set forth in the INA and APA.

48. As a result of Defendants' failure to adjudicate the Form I-526 Petitions, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

49. The Plaintiffs have no other adequate legal remedy available to them.

## COUNT II
## MANDAMUS ACT
## (28 U.S.C. § 1361)
### (Against All Defendants)

50. The allegations contained in paragraphs 1 through 49 above are incorporated as though fully set forth herein.

51. Plaintiffs seek a writ of mandamus to compel Defendants' officer(s) and/or employee(s) of the United States "to perform a duty owed to the plaintiff." *See* 28 U.S.C. § 1361.

52. Defendants have failed to discharge their mandated duties by unlawfully and unreasonably delaying the adjudication of Plaintiffs' Form I-526 Petitions despite the Petitions being in a condition supporting immediate adjudication and approval.

53. As a result of Defendants' failure to adjudicate the Form I-526 Petition, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

54. Plaintiffs have exhausted all possible administrative remedies and there exists no other adequate remedy.

## COUNT III
**Award of Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act (28 S.C. § 24125 U.S.C. §504)**

55. Plaintiffs reallege all the allegations contained in paragraphs 1-54 above as though fully set forth herein.

56. Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, et. Seq. and 5 U.S.C. §504.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs, YU WANG and JEN CHIANG LAI, pray that this Court:

1. Compel Defendants to perform their duty to adjudicate Plaintiffs' Form I-526 Petitions within fifteen (15) days or within a time frame this Court deems appropriate under the circumstances;

2. Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiffs' Form I-526 Petitions to be in direct violation of the APA and INA;

3. Grant attorney's fees and costs to Plaintiffs pursuant to the Equal Access to Justice Act; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: November 4, 2019.

Respectfully submitted,

Dated: Newark, New Jersey
November 5, 2019

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Valerie G. Pennacchio*
Valerie G. Pennacchio
1270 Avenue of the Americas, Suite 2005
New York, NY 10020
Tel.: 212.980.7200
Facsimile: 212.980.7209

*Counsel for Plaintiffs*